Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Pablo Esteves González<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202400390 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 215-24-012<br><br>Sobre: |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, el señor Pablo Esteves González (Sr. Esteves González o recurrente), quien presenta un recurso de revisión administrativa en el cual solicita la revocación de la "Resolución" notificada el 14 de marzo de 2024, por el Departamento de Corrección y Rehabilitación (Depto. de Corrección). Mediante dicha determinación, se encontró *Incurso* al recurrente por violación al Código 104 de la Regla 15 del Reglamento Disciplinario, *infra.*

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 23 de enero de 2024 se radicó una querella contra el Sr. Esteves González en la cual se le acusó de violentar los Códigos 102, 104 y 201 de la Regla 15 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,

Número Identificador

SEN2024 _____

Reglamento Núm. 9221 del 8 de octubre de 2020, (en adelante, Reglamento Disciplinario). Según la precitada Regla, el Código 102 tipifica la "Posesión, Fabricación, Uso, Distribución, Introducción o Venta de Herramientas o Instrumentos que puedan ser Utilizados para una Fuga". *Íd.* Por otra parte, el Código 104 prohíbe la posesión, fabricación, uso, distribución, introducción de herramientas, instrumentos, artículos, objetos o sustancias que afecten la seguridad institucional o que puedan utilizarse para obstruir, inutilizar, romper cerraduras, portones, cualquier artículo, mecanismo o procedimiento de seguridad". *Íd.* Finalmente, el Código 201 penaliza los "[d]años a la Propiedad de una Persona o del Gobierno de Puerto Rico con un Valor Menos de Cincuenta ($50) o su Tentativa". *Íd.*

El 5 de marzo de 2024, el Oficial Examinador asignado al caso celebró una vista en la cual la parte recurrente estuvo representada por el Lcdo. Juan Carlos Ríos Pérez. Por conducto de su representación legal, el Sr. Esteves González negó todos los actos imputados en su contra. En dicha vista, el Oficial Correccional Francisco J. Santiago Cruz quien fungió como querellante, testificó lo previamente expuesto en la querella, entiéndase, que luego de escuchar unos golpes en la pared del módulo I, planta alta, celda 212, le notificó al Sargento de turno, el cual realizó un registro de la celda en la que se encontraba el recurrente. Reiteró que, dentro de la celda observaron un hueco en la pared y en su interior encontraron un corta frío casero y herramientas que podían ser utilizadas para una fuga. Añadió que, la cerradura de la celda había sido alterada con un cortaúñas.

En su "Resolución", el Oficial Examinador concluyó que existía evidencia preponderante, para sostener que el Sr. Esteves González cometió el acto prohibido bajo el Código 104, *supra,* y enunció lo siguiente:

> *Cometió el/(los) acto(s) prohibido(s) siguiente(s): (Se incluye el acto específico y el código): Código 104 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional (en adelante, Reglamento Disciplinario), Reglamento Núm. 9221 de 8 de octubre de 2020. No hay causa por el Código 102 dado que la prueba no estableció que las herramientas o instrumentos sirvieran para cometer una fuga. Tampoco existe causa bajo el Código 201 [sic] toda vez que no se presentó evidencia respecto al costo de reparación del daño causado a propiedad del Gobierno, de Puerto Rico para establecer que el valor fuera menor de $50.00.*

A raíz de dicha determinación, se le impuso al Sr. Esteves González la siguiente sanción:

> *Suspensión del privilegio de comisaría (excepto artículos de higiene personal), recreación activa, visita, actividades especiales y cualquier otro privilegio que se le conceda en la institución por el periodo de ciento treinta (30) días calendarios. Esta sanción habrá de ser cumplida de forma consecutiva con cualquier otra sanción o medida de seguridad que se encuentre cumpliendo.*

El 4 de abril de 2024, la parte recurrente presentó una "Moción de Reconsideración", en la cual argumentó que el Depto. de Corrección erró al: (1) violentar su debido proceso de ley al no suplir en el descubrimiento de prueba ni desfilar como evidencia los informes de registros de celda; (2) no probar los elementos constitutivos del Código 104, *supra;* y (3) basar su determinación en el testimonio inverosímil del Oficial Correccional. El 28 de junio de 2024 se declaró No Ha Lugar la "Moción de Reconsideración" y posteriormente fue notificada al Sr. Esteves González el 10 de julio de 2024.

Aun insatisfecho, el Sr. Esteves González recurre ante este foro apelativo intermedio y señala la comisión de los siguientes errores, a saber:

> *Primer Error Planteado:*
> *Erró la Administración de Corrección por conducta de sus funcionarios al violarle las garantías mínimas del debido proceso de ley al recurrente al permitir que un mismo funcionario fungiera* [sic] *como Oficial de Querellas y/e Investigador de vista.*

*Segundo Error Planteado:*

*Erró la Administración de Corrección por conducta de su funcionario al violar el debido proceso de ley al celebrar la vista sin el Informe de Registro de Celda.*

*Tercer Error Planteado:*

*Erró la Administración de Corrección por conducta de su funcionario al violarle el derecho al recurrente de presentar testigo en la vista.*

*Cuarto Error Planteado:*

*Erró la Administración de Corrección por conducto de su funcionario al encontrar incurso al recurrente, cuando el oficial querellado sometió el Informe Disciplinario bajo el fundamento de que encontró el corta frío casero en un roto en la pared y el recurrente tenía dos días en la celda, pues donde se configura la posesión constructiva [sic].*

*Quinto Error Planteado:*

*Erró la Administración de Corrección por conducto de su funcionario al encontrar incurso al recurrente cuando el Reglamento exige responsabilidad.*

**II.**

**A.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>,

[s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, <u>Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme</u> 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).*

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom, supra,* a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) **Si la etapa del procedimiento en que se presenta el caso es la***

***más propicia para su consideración**. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* (Énfasis nuestro).

A tenor, le corresponde al foro apelativo intermedio evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, este foro apelativo está impedido de atender recursos prematuros o tardíos, pues ambos adolecen del mismo defecto insubsanable: privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso es prematuro cuando se ha presentado con relación a una determinación que aún no ha sido finalmente resuelta. *Íd.* O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto para recurrir. *Yumac Home v. Empresas Massó, supra,* a la pág. 107. Ahora bien, las consecuencias de uno y otro son distintas. Un recurso desestimado por tardío priva fatalmente a la parte de presentarlo nuevamente. *Íd.* Sin embargo, un recurso desestimado por prematuro le permite a la parte volver a presentarlo cuando el foro apelado resuelva lo que tenía ante su consideración. *Íd.* En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.

**B.**

La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 LPRA sec. 9655, (LPAU) rige el procedimiento por el cual la parte perjudicada por una determinación administrativa puede solicitar

reconsideración ante la agencia. En lo pertinente, la precitada regla dispone que:

> *La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.*

Presentada la moción de forma oportuna, la agencia tendrá 15 días para considerarla, contados a partir de la presentación de la moción. *Íd.* Dentro del referido término de 15 días, la agencia podrá hacer tres cosas, a saber: (1) acoger la moción; (2) rechazarla; o (3) no actuar. A esos efectos, la LPAU provee que:

> *Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**. Íd.* (Énfasis nuestro).

En cuanto al término para solicitar revisión judicial, la Sec. 4.2 de la LPAU, 3 LPRA sec. 9672, establece que:

> *Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración***. (Énfasis suplido).

### III.

Según revela el tracto procesal discutido, el Depto. de Corrección emitió una "Resolución" el 14 de marzo de 2024. Oportunamente, el Sr. Esteves González solicitó la reconsideración del dictamen el 4 de abril de 2024, la cual fue declarada No Ha

Lugar el 28 de junio de 2024. No obstante, y según surge del expediente, la fecha de notificación de dicha determinación fue el **10 de julio de 2024**. Cónsono con el estado de derecho discutido en el acápite anterior, a partir de dicha fecha es que comenzó a transcurrir el término de 30 días para recurrir a este foro apelativo. Pese a lo anterior, el recurso ante nuestra consideración fue entregado el **9 de julio de 2024**,[1] un día previo al comienzo del término. Siendo ello así, esta Curia esta imposibilitada de atender el caso ante una ausencia de jurisdicción por tratarse de una presentación prematura del recurso. No obstante, y como discutimos anteriormente, la presentación prematura de un recurso no impide que la parte presente su escrito nuevamente.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el Sr. Pablo Esteves González, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Según la firma del propio recurrente y el ponche de la institución carcelaria.